MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Tony Cobos,                                    ) No. CV 1-08-1438-JMR
                                               )
    Plaintiff,                                 ) **ORDER**
                                               )
vs.                                            )
                                               )
Warden J.D. Hartley, et al.,                   )
                                               )
    Defendants.                                )
                                               )

Plaintiff Tony Cobos is confined in the Avenal State Prison in Avenal, California. In an October 9, 2009 Order, the Court dismissed Plaintiff's Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On November 6, 2009, Plaintiff filed a First Amended Complaint (Doc. #9). Defendants Greenman and Suryadevara must answer the First Amended Complaint. Defendants Hartley and Bopari are dismissed without prejudice.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

JDDL

1 be granted, or that seek monetary relief from a defendant who is immune from such relief.
2 28 U.S.C. § 1915A(b)(1), (2).

3 A pleading must contain a "short and plain statement of the claim *showing* that the
4 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
5 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
6 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
7 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8 statements, do not suffice." Id.

9 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
11 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
12 that allows the court to draw the reasonable inference that the defendant is liable for the
13 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
14 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
16 allegations may be consistent with a constitutional claim, a court must assess whether there
17 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

18 **II.    First Amended Complaint**

19 In his one-count First Amended Complaint, Plaintiff sues the following Defendants
20 at the Avenal State Prison: Warden J.D. Hartley, Chief Medical Officers Drs. Greenman and
21 Suryadevara, and Dr. M. Bopari.

22 Plaintiff asserts a violation of the Eighth Amendment prohibition against cruel and
23 unusual punishment relating to his medical care. Plaintiff alleges that he has been diagnosed
24 with "calcific granuloma" in his lower left lung and that he has had consistent throat pain that
25 radiates to his left eye and upper lung. Plaintiff asserts that when he arrived at Avenal State
26 Prison, he began having respiratory problems that were diagnosed as pneumonia and treated
27 with antibiotics, an inhaler, and a "pneumococal vaccine." Plaintiff asserts that "medical
28 doctors" at the Avenal State Prison ordered an "open" MRI in 2007, and later opted for an

JDDL                                          - 2 -

1 ultrasound in 2008, but neither procedure has been performed.  Plaintiff claims a throat
2 culture was taken in 2009, but it was not properly processed and no diagnosis was made.
3 Plaintiff asserts that he suffers from throat, mouth, tongue, and ear pain; has intermittent
4 dizziness; and has sustained ear damage that has caused some hearing loss.

5       Plaintiff claims that "his custodians have been deliberately indifferent to his pain and
6 suffering by not providing the very basis diagnostics to determine the source of his
7 infection," even though those diagnostic tests have been ordered by medical staff, and have
8 intentionally delayed providing medical treatment.  Plaintiff asserts that he "has consistently
9 complained to staff about his medical problems and has consistently notified medical . . . of
10 his medical problems."

11       Plaintiff alleges that Defendant Hartley is aware of Plaintiff's medical condition
12 because all exhausted administrative actions are sent to him.  Plaintiff contends that
13 Defendant Greenman is aware of Plaintiff's medical conditions because he oversees medical
14 care at the prison, has assumed that Plaintiff is suffering from chronic tonsilitis without
15 examining Plaintiff, and has not prescribed any treatment for tonsilitis.  Plaintiff claims
16 Defendant Sudyadevara is aware of Plaintiff's medical needs, has "signed off" on inmate
17 appeals, but has not provided any treatment.  Plaintiff contends that Defendant Bopari
18 examined Plaintiff, ordered tests for Plaintiff's throat, was aware of Plaintiff's "throat
19 nodules" but stated that they were normal, and, on one occasion, stated that "no medicine is
20 the best medicine."

21       In his Request for Relief, Plaintiff seeks declaratory and injunctive relief and
22 monetary damages.

23 **III.    Failure to State a Claim**

24       **A.    Defendant Hartley**

25       Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
26 520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.
27 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,
28

1 a liberal interpretation of a civil rights complaint may not supply essential elements of the
2 claim that were not initially pled. Id.

3 To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
4 injury as a result of specific conduct of a defendant and show an affirmative link between the
5 injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
6 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
7 position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
8 does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.
9 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,
10 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . .
11 § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
12 official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

13 The Court dismisses without prejudice Defendant Hartley because Plaintiff's claim
14 against Defendant Hartley is based, at best, on a failure to remedy allegedly unconstitutional
15 behavior by others. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (defendants
16 did not commit constitutional violations when they denied administrative grievances, failed
17 to intervene on plaintiff's behalf, and failed to remedy allegedly unconstitutional behavior).

18 **B.     Defendant Bopari**

19 Not every claim by a prisoner that he has received inadequate medical treatment states
20 a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show
21 that the defendants acted with "deliberate indifference to serious medical needs." Jett v.
22 Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104
23 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure
24 to treat the condition could result in further significant injury or the unnecessary and wanton
25 infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d
26 at 1096 (quotations omitted).

27 "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
28 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know

1    of and disregard an excessive risk to inmate health; the official must both be aware of facts
2    from which the inference could be drawn that a substantial risk of serious harm exists and
3    he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

4    Deliberate indifference in the medical context may be shown by (a) a purposeful act
5    or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by
6    the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when
7    a prison official intentionally denies, delays, or interferes with medical treatment or by the
8    way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett,
9    439 F.3d at 1096.

10   Deliberate indifference is a higher standard than negligence or lack of ordinary due
11   care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross
12   negligence will constitute deliberate indifference." Clement v. California Dep't of
13   Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
14   Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
15   "medical malpractice" do not support a claim under § 1983). "A difference of opinion does
16   not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.
17   Vild, 891 F.2d 240, 242 (9th Cir. 1989).

18   Defendant Bopari's statements that Plaintiff's "throat nodules" were normal, and that
19   "no medicine is the best medicine," may have been incorrect or negligent, but do not rise to
20   the level of deliberate indifference, especially because Defendant Bopari actually examined
21   Plaintiff and ordered tests to help diagnose Plaintiff's medical problems. Thus, the Court
22   dismisses without prejudice Plaintiff's claim against Defendant Bopari.

23   **IV.    Claims for Which an Answer Will be Required**

24   Liberally construed, Plaintiff has stated a claim against the chief medical
25   officers—Defendants Greenman and Suryadevara—based on their failure to treat or
26   diagnosis Plaintiff's medical condition and to ensure that prescribed diagnostic tests were
27   performed. Defendants Greenman and Suryadevara must answer the First Amended
28   Complaint.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

## IT IS ORDERED:

(1) Defendants Hartley and Bopari are **dismissed** without prejudice.

(2) Defendants Greenman and Suryadevara must answer the First Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #9), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Greenman and Suryadevara.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5)   Plaintiff must not attempt service on Defendants and must not request waiver of service.  Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6)   **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.**  See **Fed. R. Civ. P. 41(b).**

DATED this 11th day of February, 2010.

_____
John M. Roll
Chief United States District Judge