# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TONY COBOS,

          Plaintiff,

   v.

E. GREENMAN, et al.,

          Defendants.

1:08-cv-01438-GSA-PC

ORDER DENYING PLAINTIFF'S MOTION FOR AUTHENTICATION OF EXHIBITS (Doc. 42.)

**I.    RELEVANT PROCEDURAL HISTORY**

Tony Cobos ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 25, 2008. (Doc. 1.) This action now proceeds on the First Amended Complaint filed on November 6, 2009, against defendants Dr. E. Greenman and Dr. S. Suryadevara, for inadequate medical care in violation of the Eighth Amendment.[1] (Doc. 9.)

On December 14, 2011 and March 21, 2012, Plaintiff filed motions for summary judgment (Docs. 24, 25, 29). On April 9, 2012, Defendants filed a cross-motion for summary judgment. (Doc. 30). On October 3, 2012, Plaintiff filed a motion for authentication of exhibits. (Doc. 42.)

///

---

[1] All other claims and defendants were dismissed by the Court on February 11, 2010, based on Plaintiff's failure to state a claim. (Doc. 10.)

1

## II. AUTHENTICATION OF EVIDENCE

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce "evidence sufficient to support a finding that the matter in question is what its proponent claims it is." Fed. R. Evid. 901(a). A proper foundation can be established through an affidavit made on personal knowledge that meets the requirements of Federal Rule of Civil Procedure 56(c). See Orr v. Bank of America, NT & SA, 285 F.3d 764, 774 (9th Cir. 2002); Fed. R. Civ. P. 56(c). Alternatively, documentary evidence can be authenticated under Federal Rule of Evidence 901(b)(1) by a witness who wrote it, signed it, or saw others do so; or as a self-authenticating document under Federal Rule of Evidence 902. See id. at 774; Fed. R. Evid. 901(b); Fed. R. Evid. 902.

## II. PLAINTIFF'S MOTION

Plaintiff requests the Court to make a finding that his exhibits, which he describes as follows, are authenticated pursuant to Rules 901 and 902 of the Federal Rules of Evidence.

(1)  Exhibit A - CDC 7362 Health Care Services Request Form, dated May 10, 2012;

(2)  Exhibit B - Encounter Form, dated May 11, 2012;

(3)  Exhibit C - Record of Chronic Care Follow Up Visit, dated May 15, 2012;

(4)  Exhibit D - CDC 7243 Health Care Request for Services, dated April 11, 2012;

(5)  Exhibit E - Outpatient Surgery Patient Instruction, dated June 6, 2012.

Plaintiff has submitted copies of the exhibits for the Court's review, (Exhs. A-F to Motion, Doc. 42.), maintaining that these exhibits are self-authenticating under Rule 902.

Rule 902 provides that a record of regularly conducted activity is self-authenticating if an original or copy of the record meets the requirements of Rule 803(6)(A)-(C),[2] "as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11). "A declaration that satisfies 28 U.S.C.

---

[2] Under Rule 803(6)(A)-(C), a record of an act, event, condition, opinion, or diagnosis is not hearsay if (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; and (C) making the record was a regular practice of that activity. Fed. R. Evid. 803(6)(A)-(C).

2

§ 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath." Fed. R. Evid. 902 advisory committee's note.

The exhibits submitted by Plaintiff appear to be copies of some of Plaintiff's medical records from April, May, and June 2012 while he was in the custody of the California Department of Corrections and Rehabilitation("CDCR") at Avenal State Prison. However, Plaintiff has not provided any evidence – for example, a certification or declaration by the Custodian of Records at Avenal State Prison – establishing a foundation by certifying that the documents are what he says they are. Thus, Plaintiff's exhibits are not authenticated or self-authenticated under Federal Rules of Evidence 901, 902, or Federal Rule of Civil Procedure 56(c). Therefore, Plaintiff's motion shall be denied.

**IV.    CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for the Court to make a finding that his exhibits are authenticated, filed on October 3, 2012, is DENIED.

IT IS SO ORDERED.

Dated:    **October 29, 2012**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE